UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jared Shepherd,                                                    Case No. 3:20-cv-520

        Plaintiff,

    v.                                                          MEMORANDUM OPINION
                                                                      AND ORDER

Debt Recovery Solutions of Ohio, Inc.,

        Defendant.

## I. INTRODUCTION

Plaintiff Jared Shepherd filed suit against Defendant Debt Recovery Solutions of Ohio, Inc., and 25 John Does on behalf of himself and a class of similarly situated Ohio debtors, alleging the content of a collection letter Debt Recovery Solutions sent to him violated the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 1). Defendant moves to dismiss Shepherd's claims for lack of subject matter jurisdiction. (Doc. No. 4). Shepherd filed a brief in opposition, (Doc. No. 9), and Defendant filed a brief in reply. (Doc. No. 10). Defendant also has filed two notices of supplemental authority. (Doc. Nos. 11 and 12). For the reasons stated below, I grant Defendant's motion to dismiss.

## II. BACKGROUND

Defendant contacted Shepherd via a letter dated October 3, 2019, concerning a debt Shepherd allegedly owed to the Samaritan Regional Health System. (Doc. No. 1 at 6-7; Doc. No. 1-1 at 2). As Shepherd alleges, the letter indicates "Defendant charges a 3% transaction fee for

payment via credit card and debit card[]." (Doc. No. 1 at 7). Shepherd alleges he did not agree to this fee and that Defendant was not permitted to attempt to collect it. (*Id.*). He further alleges "Defendant misled and deceived Plaintiff into the belief that he falsely owed an additional 3% transaction fee when this charge is a violation of the FDCPA." (*Id.*).

Shepherd alleges Defendant violated the FDCPA by making a false and misleading representation, by "unfairly advising" him he owed more than the amount of his debt, and by "attempting to collect an amount not expressly authorized by the underlying agreement creating the debt or permitted by law . . . ." (*Id.* at 7-8).

### III. STANDARD

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 615 (6th Cir. 2012) (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

### IV. ANALYSIS

Federal courts are courts of limited jurisdiction. This constitutional limitation imposes the requirement that a plaintiff must plead an actual case or controversy. *See, e.g., Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976). One "important element of the case-or-controversy requirement is that plaintiff have standing to sue." *Taylor*, 680 F.3d at 612 (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The standing determination involves three parts: "(1) 'injury in fact,' (2) 'a causal connection between the injury and the conduct complained of,' and (3) redressability." *Taylor*, 680 F.3d at 612 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

Defendant argues Shepherd has not alleged facts sufficient to plausibly suggest he has suffered an injury in fact that is "both '(a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical[.]'" *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 961 (6th Cir. 2020) (quoting *Lujan*, 504 U.S. at 560). Shepherd argues he has adequately pled an injury in fact based upon Defendant's allegedly deceptive attempt to collect a transaction fee not authorized by law or contract, even though Shepherd never paid the fee. (Doc. No. 9 at 5). I conclude Shepherd lacks standing because his allegations do not state an injury in fact.

In cases involving alleged violations of statutory procedures designed to protect certain individual rights, a plaintiff's claims must fit into one of two "broad categories:

> (1) where the violation of a procedural right granted by statute is sufficient in and of itself to constitute concrete injury in fact because Congress conferred the procedural right to protect a plaintiff's concrete interests and the procedural violation presents a material risk of real harm to that concrete interest; and (2) where there is a 'bare' procedural violation that does not meet this standard, in which case a plaintiff must allege '*additional* harm beyond the one Congress has identified.'"

*Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 756 (6th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis in *Spokeo*)). The violation of a statutory procedure cannot "satisfy the injury-in-fact requirement if it is 'divorced from any concrete harm.'" *Lyshe v. Levy*, 854 F.3d 855, 859 (6th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1549).

The only allegation in the Complaint which implicates a specific harm to Shepherd is his allegation that "Defendant misled and deceived Plaintiff into the belief that he falsely owed an additional 3% transaction fee when this charge is a violation of the FDCPA." (Doc. No. 1 at 7). Shepherd argues "Defendant required Plaintiff to pay the fee as a condition of paying the debt, and Plaintiff had no other choice but to do so if he wanted to pay the debt." (Doc. No. 9 at 6).

Shepherd's assertion is not persuasive because it does not accurately depict the plain language of the collection letter he received. The letter itself states that Defendant "accept[s] all

3

major credit cards and debit cards which will be charged a 3% transaction fee; you are not required to make payments with a debit or credit card." (Doc. No. 1-1 at 2).

"[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document, . . . and is 'not bound to accept as true a legal conclusion couched as a factual allegation." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (internal quotation marks and citations omitted); *see also Nolan v. Detroit Edison Co.*, --- F.3d ---, No. 19-1867, 2021 WL 1097101, at *7 (6th Cir. Mar. 23, 2021) ("When a document [attached to the complaint] contradicts allegations in the complaint, rendering them implausible, 'the exhibit trumps the allegations.'") (quoting *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017)).

Read in the context of the October 3 letter, Shepherd's allegations do not show that he had "a material risk of real harm" to a concrete interest. *Macy*, 897 F.3d at 756. Even if I assume Defendant's reference to a 3% transaction fee for credit and debit card payments violates the FDCPA, Shepherd's allegations establish only that this assumed violation <u>could have</u> caused him harm. Defendant's letter did not mandate that Shepherd pay by credit card; as Defendant notes, the letter expressly informed Shepherd he was "not required to make payments with a debit or credit card." (Doc. No. 1-1 at 2).

When viewed in their totality, the Complaint and the attached October 3 letter establish at most that Defendant may have caused Shepherd to have the mistaken belief that he could be charged a 3% transaction fee on a credit card payment in the future. This "fear of a future harm is not an injury in fact unless the future harm is 'certainly impending.'" *Buchholz*, 946 F.3d at 865 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)). The Complaint contains no allegations which support a plausible inference that this alleged harm was certainly impending.

I conclude Shepherd has not adequately established he has standing to bring his claims because his allegations establish only a speculative fear of future harm.

## V. CONCLUSION

For the reasons stated above, I grant Defendant's Rule 12(b)(1) motion, (Doc. No. 4), and dismiss this case for lack of subject matter jurisdiction.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
